The decision below is signed as a decision of the court.

Signed: March 08, 2007.



```
                    /s/ S. Martin Teel Jr.
                 _____
                    S. Martin Teel, Jr.
                    United States Bankruptcy Judge
```

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                            )
                                 )
BERNARD H. DENIS, III,           )    Case No. 06-00357
                                 )    (Chapter 13)
              Debtor.            )
```

MEMORANDUM DECISION REGARDING
<u>DEBTOR'S OBJECTION TO CLAIM OF WACHOVIA BANK</u>

This decision addresses the effect of the so-called "hanging paragraph" that appears at the end of 11 U.S.C. § 1325(a) when a creditor, who would otherwise be subject to that provision, has sold its collateral in a postpetition/preconfirmation sale. The hanging paragraph provides in relevant part that "[f]or purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim" and if certain other requirements are met. The court concludes that once a creditor has sold its collateral prior to confirmation of a plan, the hanging paragraph of § 1325(a) is no longer applicable.

I

Wachovia Bank, National Association ("Wachovia") filed a proof of claim asserting that it is fully secured by the debtor's car, and it has been granted relief from the automatic stay to enforce its security interest in the car.  Although the debtor acknowledges that the car has been sold in enforcement of Wachovia's security interest, the debtor has objected to the claim of Wachovia, citing In re Ezell, 338 B.R. 330 (Bankr. E.D. Tenn. 2006), for the proposition "that a secured creditor whose collateral is being surrendered in full satisfaction of the debt under Section 1325(a)(5) of the Bankruptcy Code is not also an unsecured creditor entitled to the protection afforded by Section 1325(a)(4)."  The debtor thus asks that the claim filed by Wachovia as a fully secured claim be disallowed with the surrender of the vehicle constituting a full satisfaction of the debt.  Wachovia has opposed the debtor's objection, and does not contest that the car has been sold.  Its opposition addresses at length the issue of whether a creditor like Wachovia is entitled to pursue a deficiency claim resulting from a repossession sale.

The debtor has not filed a plan calling for the surrender of the car in full satisfaction of the debt owed Wachovia (including any deficiency claim that remained after the repossession sale), and § 1325(a) is applicable only in the context of confirming a plan.  Until the debtor files such a plan, Wachovia could have

taken the position that the issue of the effect of the hanging paragraph of § 1325(a) is not before the court.  See In re Drake, 2006 WL 3820763 (Bankr. D.D.C. 2006).  However, the parties have briefed the issue as though such a plan were pending before the court.  Similarly, Wachovia has not filed an amended proof of claim asserting an unsecured deficiency claim resulting from the repossession sale, but both parties have addressed the issues as though the propriety of filing such a claim were before the court.  The court will treat the parties as seeking a declaratory judgment regarding the parties' rights were the debtor to file such a plan and were Wachovia to assert an unsecured deficiency claim.  Such a plan would be ineffective to satisfy Wachovia's deficiency claim for two reasons.

First, the hanging paragraph of § 1325(a) applies only "if the creditor has a purchase money security interest securing the debt that is the subject of the claim [described in § 1325(a)(5)]."  Once the car was sold, Wachovia no longer had a purchase money security interest securing the debt that is the subject of its claim.  Accordingly, the hanging paragraph to § 1325(a) is inapplicable to Wachovia at this juncture, and that distinguishes this case from Ezell.

Second, the hanging paragraph to § 1325(a) applies to a claim only if it is a claim described in § 1325(a)(5), which applies to "each allowed secured claim provided for by the plan."

3

Looking to the provision that governs when a claim is a secured claim, it is evident that Wachovia no longer has a secured claim. Under 11 U.S.C. § 506(a)(1), "[a]n allowed claim of a creditor secured by a lien on property **in which the estate has an interest** . . . is a secured claim to the extent of the value of such creditor's interest in **the estate's interest** in such property . . . ." (Emphasis added.) Because the car has been sold, the estate no longer has an interest in the car, and thus there is no secured claim. Once Wachovia corrects its proof of claim to reflect that it no longer has a secured claim, Wachovia's claim will no longer be an allowed secured claim, and the claim will no longer be one to which § 1325(a)(5) applies, thus making the hanging paragraph of § 1325(a) inapplicable. Again, this distinguishes this case from Ezell.

II

Wachovia has not filed an amended proof of claim to drop its assertion that it has a fully secured claim and to assert a deficiency claim as an unsecured claim. Until Wachovia does that, there is no unsecured claim by Wachovia to allow or disallow. All that Wachovia has filed is a proof of claim for a fully secured claim, and plainly there no longer is any secured claim as the collateral has been sold. This is perhaps understandable because the debtor did not object to the secured claim on that basis that there was no longer any collateral

securing the claim. Instead, the debtor chose to limit the objection to reliance on Ezell, which turns on the hanging paragraph to § 1325(a) (which has been shown to be inapplicable). Nevertheless, unless it files an amended claim asserting only an unsecured claim, Wachovia ought to show cause why its proof of claim asserting a fully secured claim ought not be disallowed.

                                III

An order follows which, first, overrules the debtor's objection to Wachovia's claim, which was based on the hanging paragraph to § 1325(a), and, second, directs Wachovia by April 9, 2007, to either file an amended proof of claim that no longer asserts a secured claim, or file a memorandum showing cause why its proof of claim, asserting only a secured claim, ought not be disallowed on the basis that there is no longer any collateral securing its claim.

                                        [Signed and dated above.]

Copies to: Debtor; debtor's counsel; chapter 13 trustee; counsel for Wachovia Bank, NA.