The decision below is signed as a decision of the court.

Signed: June 12, 2007.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| BERNARD H. DENIS, III, | ) | Case No. 06-00357 |
| | ) | (Chapter 13) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter.** |

MEMORANDUM DECISION RE AMENDED FEE APPLICATION

The debtor's attorney has filed an Amended Application for Allowance of Attorney's Fees (Docket Entry ("DE") No. 64) seeking an award of $3,224.00 in unpaid fees to be paid by the chapter 13 trustee under the plan as an administrative expense. The debtor's attorney needs to supplement the application pursuant to Rule 2016(a) of the Federal Rules of Bankruptcy Procedure for the following reasons.

First, the application and the accompanying proposed order fail to acknowledge the prior award of $2,244.00 in fees pursuant to an order (DE No. 61) granting an earlier fee application (DE No. 18).

Second, the application needs to be supplemented to explain what were the additional services in the case that justified

charging more than the base fee of $3,500.00.  The attorney filed a statement disclosing compensation pursuant to Rule 2016(b) of the Federal Rules of Bankruptcy Procedure reciting that he agreed to accept $3,500.00 as the base fee in the case, for which the debtor was entitled to, among other things, representation at the meeting of creditors and the confirmation hearing in the case. The statement can be read as indicating that any other contested matters are not covered by the base fee of $3,500.[1]

The fee application recites only that additional services have been incurred totaling $1,000.00.  It fails to indicate what those additional services were, the amount of time spent in performing those services by date, and the hourly rate charged for those services.  Although this court permits debtors' attorneys in chapter 13 cases to charge a reasonable flat fee for the basic work performed in a chapter 13 case, such attorneys are required under Rule 2016(a) to supply detail regarding services

---

[1] The statement fails to indicate what the attorney's hourly fee rate would be for representation of the debtor in such contested matters, and presumably it is the attorney's customary hourly rate.  A Rule 2016(b) statement should recite when the attorney's customary hourly rate is being charged and indicate what the attorney's current customary hourly rate is.  Rule 1.5(b) of the District of Columbia Rules of Professional Conduct requires a written disclosure to the client of "the basis or rate of the fee, the scope of the lawyer's representation, and the expenses for which the client will be responsible . . . ." Attaching the Rule 1.5(b) written disclosure would presumably disclose all details of the terms of compensation to which the debtor agreed.  Surprisingly few attorneys, however, attach the retainer agreement to their Rule 2016(b) statements.

performed beyond those covered by the flat fee.

    An order follows.

                                         [Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 13 Trustee.